UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASHARA MERRIWEATHER, #209190,

    Plaintiff,                 Hon. Paul L. Maloney

v.                                 Case No. 1:22-cv-305

FREDEANE ARTIS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be denied.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF). The events giving rise to this action, however, occurred at the Brooks Correctional Facility (LRF). Plaintiff initiated this action against LRF Warden Fredeane Artis and LRF Deputy Warden Christopher King. In his complaint, Plaintiff alleges the following.

On February 14, 2022, Plaintiff and "his entire housing unit" was tested for COVID-19. Following this testing, "Plaintiff as well as over 100 prisoners were informed that we had tested negative but that some of our cellmates had tested

-1-

positive." Because Plaintiff was a "chronic care prisoner with underlying health issues," he requested that he "be separated from a confirmed positive prisoner." Defendants Artis and King denied Plaintiff's request.

As a result, Plaintiff was forced to share a cell with a COVID-positive prisoner for two days. On February 22, 2022, Plaintiff and his :entire" housing unit were again tested for COVID-19. Plaintiff again tested negative, but 11 prisoners who tested positive were allowed to remain in Plaintiff's housing unit where they were permitted to "roam free and intermix and intermingle with plaintiff and non-positive prisoners daily." Plaintiff alleges that despite testing negative for COVID, Defendants violated his Eighth Amendment rights by failing to respond reasonably to the threat posed to Plaintiff by the COVID-19 outbreak within the facility.[1]

Defendants Artis and King now move for summary judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

---

[1] Plaintiff's allegations state a claim on which relief may be granted. *See, e.g., Sanders v. Washington*, 2022 WL 575179 at *13 (W.D. Mich., Feb. 25, 2022) (to prevail on an Eighth Amendment claim regarding a prison's response to COVID-19, the prisoner must allege: (1) he was subjected to "health risks" as a result of being incarcerated under conditions "that could facilitate COVID-19 transmission within a prison" and (2) Defendants failed to reasonably respond to this risk).

-2-

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot

merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Defendants argue they are entitled to relief because Plaintiff "did not pursue, through Step III of the grievance process, any grievances" regarding the allegations in his complaint. The record presently before the Court appears to confirm this assertion.

The evidence submitted by Plaintiff, however, creates a factual dispute whether Plaintiff was even required to pursue his claims through the prison grievance process. The evidence submitted by Plaintiff, interpreted in Plaintiff's favor, reveals the following.

On February 17, 2022, Plaintiff submitted a Step I grievance in which he challenged Defendants' decision, on February 14, 2022, denying Plaintiff's request to "be separated from a confirmed [COVID-19] positive prisoner." (ECF No. 20-2, PageID.92-93). After failing to receive a response to his Step I grievance, Plaintiff submitted several kites to the Grievance Coordinator regarding the matter. (ECF No. 20-3, PageID.95-96). Plaintiff was subsequently informed that his grievance had been rejected for asserting matters relating to "COVID-19." (ECF No. 20-4, PageID.98). The grievance rejection form also contained the phrase "Other – Warden's Forum." (*Id.*).

Interpreted in a light most favorable to Plaintiff, this evidence supports the conclusion that Plaintiff's Step I grievance was rejected for asserting a "non-grievable" issue and, moreover, that Plaintiff was required instead to pursue the matter through the Warden's Forum. The Court notes that, in response to similar COVID-19 claims asserted by other prisoners, counsel for Defendants has argued that grievances concerning COVID-19 matters are non-grievable and must instead be pursued through the Warden's Forum. *See, e.g., Washington v. Jackson*, 1:22-cv-86, ECF No. 29 (W.D. Mich.). As the Court has previously recognized, however, the Sixth Circuit has held that "a prisoner cannot be required to exhaust administrative remedies regarding non-

-6-

grievable issues." *Id.* (citations omitted). Moreover, Defendants have failed to identify any provision in the MDOC grievance policy which required Plaintiff to present his claims to the Warden's Forum.

Counsel for Defendants have also asserted, in similar circumstances, that grievances regarding COVID-19 are properly rejected because they allege a violation of MDOC policy or procedure. Defendants do not appear to have asserted that argument presently, but to the extent their motion is interpreted as asserting such, it is likewise rejected. MDOC Policy provides that when a prisoner asserts a general challenge to a policy or procedure or complains how a policy or procedure is applied to others, the prisoner "*may* direct comments to the Warden's Forum. . ." Mich. Dep't of Corr., Policy Directive 03.02.130 ¶ (J)(8) (emphasis added). This language does not, however, *require* a prisoner to present such issues to the Warden's Forum.[2]

Moreover, as other courts have recognized, claims challenging the alleged failure by prison officials to protect prisoners from COVID-19 do not constitute a challenge to MDOC policy or procedure and, therefore, fall outside the scope of the MDOC's grievance policy. *See Shepard*, 2022 WL 17812813 at *3.

---

[2] To the extent that the response to Plaintiff's grievance is interpreted as a mandate to Plaintiff that he pursue his claim in the Warden's Forum, Defendant has cited no authority which permits prison officials to impose their own exhaustion requirements on an *ad hoc* basis. *See Shepard v. Artis*, 2022 WL 17812813 at *3 (W.D. Mich., Sept. 26, 2022) *Report and Recommendation Adopted by Shepard v. Artis*, 2022 WL 17752251 (W.D. Mich., Dec. 19, 2022).

Simply put, the record before the Court presents a genuine factual dispute on the question whether Plaintiff properly exhausted his available administrative remedies. Defendants have, therefore, failed to satisfy their burden on the question of exhaustion.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 15) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 31, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge