UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASHARA MERRIWEATHER, #209190,

       Plaintiff,                            Hon. Paul L. Maloney

v.                                                 Case No. 1:22-cv-305

FREDEANE ARTIS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment. (ECF No. 31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF). The events giving rise to this action, however, occurred at the Brooks Correctional Facility (LRF). Plaintiff initiated this action against LRF Warden Fredeane Artis and LRF Deputy Warden Christopher King. In his complaint, Plaintiff alleges the following.

On February 14, 2022, Plaintiff and "his entire housing unit" was tested for COVID-19. Following this testing, "Plaintiff as well as over 100 prisoners were informed that we had tested negative but that some of our cellmates had tested

-1-

positive." Because Plaintiff was a "chronic care prisoner with underlying health issues," he requested that he "be separated from a confirmed positive prisoner." Defendants Artis and King denied Plaintiff's request.

As a result, Plaintiff was forced to share a cell with a COVID-positive prisoner for two days. On February 22, 2022, Plaintiff and his :entire" housing unit were again tested for COVID-19. Plaintiff again tested negative, but 11 prisoners who tested positive were allowed to remain in Plaintiff's housing unit where they were permitted to "roam free and intermix and intermingle with plaintiff and non-positive prisoners daily." Plaintiff alleges that despite testing negative for COVID, Defendants violated his Eighth Amendment rights by failing to respond reasonably to the threat posed to Plaintiff by the COVID-19 outbreak within the facility.[1]

Plaintiff now moves for summary judgment. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether

---

[1] Plaintiff's allegations state a claim on which relief may be granted. *See, e.g., Sanders v. Washington*, 2022 WL 575179 at *13 (W.D. Mich., Feb. 25, 2022) (to prevail on an Eighth Amendment claim regarding a prison's response to COVID-19, the prisoner must allege: (1) he was subjected to "health risks" as a result of being incarcerated under conditions "that could facilitate COVID-19 transmission within a prison" and (2) Defendants failed to reasonably respond to this risk).

its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

As noted above, to prevail on his claims Plaintiff must establish that (1) he was subjected to "health risks" as a result of being incarcerated under conditions "that could facilitate COVID-19 transmission within a prison" and (2) Defendants failed to reasonably respond to this risk. Furthermore, to obtain summary judgment Plaintiff

must establish that the evidence before the Court is such that "no reasonable trier of fact" could find for Defendants.

Even if the Court assumes that the evidence submitted by Plaintiff is sufficient to definitively establish that he was subjected to a health risk, Plaintiff has failed to satisfy his burden with respect to the latter element. Simply put, Plaintiff has failed to present evidence from which the only conclusion a reasonable juror could reach was that Defendants failed to respond reasonably to the risk Plaintiff faced. Thus, Plaintiff has failed to meet his burden to obtain summary judgment. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (ECF No. 31) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 23, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge