UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASHARA MERRIWEATHER, #209190,

       Plaintiff,                                 Hon. Paul L. Maloney

v.                                                   Case No. 1:22-cv-305

FREDEANE ARTIS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 39). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF). The events giving rise to this action, however, occurred at the Brooks Correctional Facility (LRF). Plaintiff initiated this action against LRF Warden Fredeane Artis and LRF Deputy Warden Christopher King. In his complaint, Plaintiff alleges the following.

On February 14, 2022, Plaintiff and "his entire housing unit" was tested for COVID-19. Following this testing, "Plaintiff as well as over 100 prisoners were informed that we had tested negative but that some of our cellmates had tested

-1-

positive." Because Plaintiff was a "chronic care prisoner with underlying health issues," he requested that he "be separated from a confirmed positive prisoner." Defendants Artis and King denied Plaintiff's request.

As a result, Plaintiff was forced to share a cell with a COVID-positive prisoner for two days. On February 22, 2022, Plaintiff and his "entire" housing unit were again tested for COVID-19. Plaintiff again tested negative, but 11 prisoners who tested positive were allowed to remain in Plaintiff's housing unit where they were permitted to "roam free and intermix and intermingle with plaintiff and non-positive prisoners daily." Plaintiff alleges that despite testing negative for COVID, Defendants violated his Eighth Amendment rights by failing to respond reasonably to the threat posed to Plaintiff by the COVID-19 outbreak within the facility.

Defendants Artis and King now move to dismiss Plaintiff's complaint on the ground that Plaintiff lacks standing to assert the claims therein. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

Article III, § 2 of the United States Constitution provides that the "judicial Power" of the United States extends only to "Cases" and "Controversies." Because the terms "case" and "controversy" conceivably encompass many matters more appropriately addressed by the executive or legislative branches of government, these terms have been interpreted as referring to those "cases and controversies of the sort traditionally

amenable to, and resolved by, the judicial process." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). One element of the case or controversy requirement is that plaintiffs must establish that they have standing to pursue a particular claim. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).

To establish standing to litigate a particular matter, a plaintiff must satisfy three requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact," defined as "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." The plaintiff must next establish "a causal connection between the injury and the conduct complained of." In other words, the plaintiff's injury must be "fairly. . .trace[able] to the challenged action of the defendant, and not. . .th[e] result [of] the independent action of some third party not before the court." *Ibid*. The plaintiff must also establish a likelihood that his injury will be "redressed by a favorable decision." *Id.* at 561.

The standing requirement is not to be lightly disregarded. As the Supreme Court stated, "[w]e have always insisted on strict compliance with the jurisdictional standing requirement" because "federal courts may exercise power only 'in the last resort, and as a necessity.'" *Raines*, 521 U.S. at 819. Finally, Plaintiff bears the burden of establishing that he has standing to assert her claims in a federal forum. *See Lujan*, 504 U.S. at 561.

Plaintiff does not allege that he contracted COVID-19, only that he was allegedly exposed to COVID-19, which caused him to fear for his safety. It must also be noted that Plaintiff, who is no longer housed at the Brooks Correctional Facility, does not request any form of injunctive relief but instead requests only monetary damages. This is relevant because the standing analysis looks not only at the claim asserted but also the relief sought. *See, e.g., Waskul v. Washtenaw County Community Mental Health*, 900 F.3d 250, 253 (6th Cir. 2018) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). Simply put, Plaintiff's fear that he was possibly exposed to COVID-19 or might have contracted COVID-19 is not a concrete injury that can be redressed by an award of damages. *See, e.g., Balas v. Stanish*, 2021 WL 5500512 at *4 (M.D. Pa., Nov. 23, 2021) (inmate's fears of contracting COVID-19 from other inmates insufficient to confer standing); *Sledge v. Erie County Prison*, 2021 WL 5041141 at *4-5 (W.D. Pa., Oct. 29, 2021) (same); *Miller v. Freed*, 2022 WL 3716586 at *2 (C.D. Ill., Aug. 29, 2022) (same). Accordingly, Plaintiff's claims must be dismissed for lack of standing.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 39) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                       Respectfully submitted,

Date: August 7, 2023                                /s/ Phillip J. Green
                                                       PHILLIP J. GREEN
                                                       United States Magistrate Judge